UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LUTHER LEON AUSTIN,

                 Petitioner,

vs.                         Case No.  2:07-cv-616-FtM-29DNF
                                         2:98-cr-127-FtM-29DNF


UNITED STATES OF AMERICA,

                 Respondent.
_____

**OPINION AND ORDER**

       This matter comes before the Court on a petition for Writ of Habeas Corpus (Cv. Doc. #1)[1] filed pursuant to 28 U.S.C. § 2241 on September 21, 2007.  The United States of America's Answer in Opposition to Petition for Writ of Habeas Corpus (Cv. Doc. #12) was filed on February 6, 2008.  Read liberally, the petition for Writ of Habeas Corpus asserts that the restitution component of petitioner's sentence was illegally imposed and/or that the U.S. Bureau of Prisons is unlawfully collecting the restitution while petitioner is serving his sentence of imprisonment.

**I.**

       Petitioner pled guilty, pursuant to a Plea Agreement (Cr. Doc. #22), to one count of armed bank robbery (Cr. Doc. #3.), and on

_____

    [1]Docket numbers referring to the criminal case are cited as (Cr. Doc. #) and docket numbers referring to the civil case are cited as (Cv. Doc. #).

January 21, 2000, was sentenced to 198 months imprisonment followed by five years of supervised release. Petitioner was also ordered to pay $20,058.00 in restitution to the bank and a $100 special assessment. The Judgment in a Criminal Case (Cr. Doc. #30) provided that the restitution was to be paid "in accordance with the schedule of payments set forth in the Schedule of Payments" (Cr. Doc. #30, p. 4), but no Schedule of Payments was included with the Judgment.

Petitioner filed a Notice of Appeal (Cr. Doc. #31) from the Judgment. Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and in April 2001, the Eleventh Circuit Court of Appeals affirmed the conviction and sentence (Cr. Doc. #48). Petitioner filed a motion pursuant to 28 U.S.C. § 2255 on September 8, 2003 (Cr. Doc. #49), which was dismissed as untimely on November 16, 2004 (Cr. Doc. #51).

At various times, while incarcerated, petitioner has participated in the Bureau of Prisons' Inmate Financial Responsibility Program (IFRP) in which the Bureau of Prisons takes a certain amount of an inmate's funds for payment of his financial obligations, including restitution. In exchange for this participation, an inmate receives certain institutional benefits which would not otherwise be afforded him.

On March 15, 2006, petitioner filed a motion in the underlying criminal case seeking to preclude the Bureau of Prisons from collecting money for restitution payments. (Cr. Doc. #60.) The

Court entered an Order (Cr. Doc. #61) denying the motion because "nothing in the Judgment (Doc. #30) precludes the actions of the Bureau of Prisons." (Cr. Doc. #61.)

Petitioner now seeks a writ of habeas corpus because (1) the restitution component of the sentence imposed was unlawful since the court effectively delegated collection of the restitution to the Bureau of Prisons, contrary to United States v. Prouty, 303 F.3d 1249, 1254-55 (11th Cir. 2002), and (2) the Bureau of Prisons is unlawfully taking monies from petitioner's inmate trust account to pay restitution. Petitioner seeks an order enjoining the Bureau of Prisons from "garnishing wages" and requiring the reimbursement of all funds taken from September 2000 to September 2007.

## II.

The Court is without jurisdiction to remedy the improper delegation claim, which must be dismissed. A § 2241 petition is "used to attack the manner in which a sentence is executed. [ ] A petition filed under § 2241 which attacks errors that occurred at trial or sentencing is properly construed as a § 2255 motion." Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001)(citations omitted), cert. denied, 534 U.S. 1001 (2001); Medberry v. Crosby, 351 F.3d 1049, 1062 n.8 (11th Cir. 2003), cert. denied, 541 U.S. 1032 (2004). A claim of improper delegation challenges the validity of the sentence itself, not the execution of the sentence. Prouty, 303 F.3d at 1254-55.

Additionally, "[a] prisoner who fails to challenge a monetary judgment at sentencing or on direct appeal cannot challenge this penalty for the first time in a collateral proceeding, absent exceptional circumstances. [ ]   Exceptional circumstances are analogous to a showing of cause and prejudice to overcome a procedural default for raising a claim for the first time in a habeas corpus petition." Simmons v. United States, 232 Fed. Appx. 952, 952 (11th Cir. 2007)(internal citation and quotation marks omitted)(citing Dohrmann v. United States, 442 F.3d 1279 (11th Cir. 2006)).   Petitioner failed to challenge the restitution provision of the Judgment on direct appeal or in his § 2255 petition, and makes no attempt to show exceptional circumstances justifying these failures.

"Under the savings clause of § 2255,[2] a prisoner may file a § 2241 petition if an otherwise available remedy under § 2255 is inadequate or ineffective to test the legality of his detention." Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir.), cert. denied, 540 U.S. 900 (2003).   The burden of showing the inadequacy or

---

[2]The savings clause states:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255.

ineffectiveness of a motion under § 2255 rests on the petitioner. Jeffers, 253 F.3d at 830. The Eleventh Circuit Court of Appeals has interpreted the savings clause to apply when: "(1) a claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of the Supreme Court decision establishes that the petitioner was convicted for an offense that is now nonexistent; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the trial, appeal, or first § 2255 motion." Sawyer, 326 F.3d at 1365 (citing Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999)). None of these circumstances apply in this case.

Petitioner only attacks the restitution portion of the Judgment, and therefore his motion could not have been brought under 28 U.S.C. § 2255. Blaik v. United States, 161 F.3d 1341, 1342-43 (11th Cir. 1998). Because petitioner was not authorized to apply for relief from his restitution order under § 2255, he can not bring a motion as a § 2241 motion either. Blaik, 161 F.3d at 1342-43; United States v. Young, 249 Fed. Appx. 793, 795 (11th Cir. 2007).

The Court finds that there are no other applicable bases upon which petitioner can rely in challenging the restitution portion of the Judgment.

### III.

In the Eleventh Circuit, a motion under § 2241 is a proper procedural vehicle to challenge BOP regulations and the manner in

which petitioner's sentence is being executed.  Williams v. Pearson, 197 Fed. Appx. 872, 876 (11th Cir. 2006), cert. denied, 549 U.S. 1312 (2007); United States v. Warmus, 151 Fed. Appx. 783 (11th Cir. 2005), cert. denied, 547 U.S. 1122 (2006).  The Court concludes, however, that the Bureau of Prisons does not violate the law when it collects restitution from an inmate who has chosen, albeit reluctantly, to participate in the IFRP.  "We conclude that the IFRP is reasonably related to legitimate penological interests and, thus, valid."  West v. Zenk, 276 Fed. Appx. 929, 930 n.3 (11th Cir. 2008); Williams, 197 Fed. Appx. at 876-77.  Therefore, the writ is denied to the extent it challenges the IFRP.

Accordingly, it is now

**ORDERED**:

Petitioner's motion for Writ of Habeas Corpus (Cv. Doc. #1) is **DISMISSED** to the extent it challenges the sentence based upon an improper delegation as to restitution, and is otherwise **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___12th___ day of February, 2009.


_____
JOHN E. STEELE
United States District Judge


Copies:
Counsel of record
Luther Leon Austin